Donald R. **ROVENTINI**, and Tammy G. Roventini, individually and on behalf of the Estate of Donald R. Roventini, Jr., Plaintiffs,

v.

**PASADENA INDEPENDENT SCHOOL DISTRICT, et al., Defendants.**

**Civ.A. No. H–96–3945.**

United States District Court, S.D. Texas, Houston Division.

Nov. 19, 1998.

**4.** 151 F.3d 297 (5th Cir.1998).

("Donald"), a sixteen-year-old sophomore member of the Dobie High School football team. Plaintiffs Donald R. and Tammy G. Roventini brought this action on their own behalf and on behalf of their deceased son, Donald, against PISD, PISD's Board of Trustees, PISD's Superintendent, PISD's Athletic Director, its Athletic Trainer, and Dobie High School's principal under 42 U.S.C. § 1983 in their official capacities. Plaintiffs also sued the Dobie High School football trainer and thirteen Dobie High School football coaches under § 1983 in both their official and personal capacities. Finally, Plaintiffs sued the Dobie coaches under Texas State law for negligent discipline.

On March 27, 1997, Defendants filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) wherein they asserted, *inter alia*, that Plaintiffs had failed to (1) plead facts sufficient to establish a constitutional deprivation, (2) allege that an official policy or custom of the District was responsible for the alleged constitutional deprivation, even if one had been pled, and (3) allege facts sufficient to overcome qualified immunity enjoyed by the individual Defendants under 42 U.S.C. § 1983.

Darah Sue Headley, Attorney at Law, Houston, TX, for plaintiffs.

David M. Feldman, Feldman and Rogers, Houston, TX, for defendants.

### ORDER

ATLAS, District Judge.

The parties have filed a Joint Motion requesting that this Court vacate its Memorandum Opinion and Order [Doc. # 75], dated August 7, 1997, published at 981 F.Supp. 1013 (S.D.Tex.1997), which granted in part and denied in part Defendants' Motion to Dismiss [Doc. # 59]. For the reasons stated below, the parties' Motion to Vacate is GRANTED, and this Court's previous Memorandum Opinion and Order are withdrawn as lacking factual foundation.

## I. FACTUAL BACKGROUND

This case arises from events surrounding the tragic death of Donald R. Roventini, Jr.

Following the filing of Defendants' Motion to Dismiss, Plaintiffs moved the Court to file their Second Amended Complaint, which was granted. In Plaintiffs' Motion for Leave, Plaintiffs represented that their amended complaint "contained allegations and facts sufficient to render Defendants' Motion to Dismiss moot."

As noted above, this Court issued its Memorandum Opinion and Order granting Defendants' Motion to Dismiss only in part, dismissing those individuals sued in their official capacity only, while providing that all of the other Defendants remained parties in the case. *Roventini*, 981 F.Supp. at 1015. This Court's Opinion and Order was premised in significant part on the factual allegations in Plaintiffs' Second Amended Complaint. Relying on Plaintiffs' factual allegations (as this Court must when considering a motion under Rule 12(b)(6)), this Court concluded that Plaintiffs had alleged "sufficient egregious facts that preclude · dismissal at this early

stage of the case's development." *Roventini*, 981 F.Supp. at 1020.

Since the issuance of the Memorandum Opinion and Order, the parties have informed the Court that significant allegations in Plaintiffs' Second Amended Complaint are false and without factual basis. Most significantly, the parties informed the Court that allegations that Donald's coaches refused to provide him water and coerced him to run sprints are false. These allegations were inserted in the Second Amended Complaint by Plaintiffs' prior legal counsel despite Roventini Sr. having informed counsel that the allegations were untrue.

The parties now jointly request that the Court vacate its prior Memorandum Order and Opinion.

## II. *ANALYSIS*

 Rule 60(b) permits relief from a judgment or order of the Court for fraud, misrepresentation, or other misconduct of an adverse party. Fed.R.Civ.P. 60(b)(3); *Diaz v. Methodist Hospital*, 46 F.3d 492, 496 (5th Cir.1995). A district court also possesses inherent power to grant relief where an order is obtained through fraud on the court. *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128 (9th Cir.1995), *cert. denied*, 516 U.S. 1158, 116 S.Ct. 1042, 134 L.Ed.2d 189 (1996).

 The Court has determined that in considering Defendants' Motion to Dismiss, it relied on various material allegations in the Second Amended Complaint that were false. Defendants complain that the false allegations, coupled with the publication of the Court's Memorandum Opinion and Order have caused them to suffer significant injury to their reputations. Those allegations wrongfully accused Defendants of being deliberately indifferent to Donald, denying him water despite his pleas, thereby purportedly causing his death by dehydration and heat stroke.

Since the Memorandum Opinion and Order was, in material part, premised on a version of events that was without basis in fact, the Court concludes that the parties' Motion should be granted. There is no true case or controversy regarding the false material factual allegations upon which the ruling was based. In effect, the Court was asked to render an advisory opinion in violation of Article III. *Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

The Court therefore vacates its prior Memorandum Opinion and Order, and that ruling shall not constitute the law of the case.

## III. *CONCLUSION*

For the foregoing reasons, it is

**ORDERED** that the parties' Joint Motion to Vacate [Doc. # 94] is **GRANTED**. It is further

**ORDERED** that the Court's Memorandum Opinion and Order [Doc. # 75], dated August 7, 1997, is hereby **VACATED** as lacking in factual basis.